T.C. Summary Opinion 2002-90

UNITED STATES TAX COURT

JANE H. AND LEROY W. HESS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10117-99S.               Filed July 16, 2002.

Jane H. Hess and Leroy W. Hess, pro sese.

<u>Kathryn K. Vetter</u>, for respondent.

PAJAK, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect at the time the petition was filed.  The decision to be
entered is not reviewable by any other court, and this opinion
should not be cited as authority.  Unless otherwise indicated,
subsequent section references are to the Internal Revenue Code in
effect for the years in issue.  All Rule references are to the
Tax Court Rules of Practice and Procedure.

Respondent determined deficiencies in petitioners' Federal income taxes and additions to tax as follows:

| Year | Deficiency | Addition to tax Sec. 6651(a)(1) |
|------|-----------|-------------------------------|
| 1993 | $4,421 | $1,055.25 |
| 1994 | $5,269 | $1,264.00 |
| 1995 | $8,643 | -0- |

The Court must decide: (1) Whether petitioners are entitled to net operating loss (NOL) carryover deductions in the taxable years 1993, 1994, and 1995; and (2) whether petitioners are liable for additions to tax under section 6651(a)(1) for the taxable years 1993 and 1994.

Some of the facts in this case have been stipulated and are so found. Petitioners resided in Mokelumne Hill, California, at the time they filed their petition.

Petitioners organized Hess & Hess Construction, Inc. (Hess Inc.) in October 1983. Hess Inc. reported losses of $107,751 and $337,587 on its Forms 1120, U.S. Corporation Income Tax Return, for the taxable periods ending September 30, 1990 and 1991, respectively. No corporate income tax returns were filed by Hess Inc. after the taxable year ending September 30, 1991.

On February 6, 1992, petitioner Jane Hess (Mrs. Hess) wrote a check to Hess Inc. in the rounded amount of $234,457. No promissory note was executed by Hess Inc. with respect to the funds advanced by Mrs. Hess.

On petitioners' jointly filed 1992 Federal income tax

return, they reported an "other" loss on line 15 in the amount of $234,457. Petitioners attached to their 1992 return Form 4797, Sales of Business Property, which listed the $234,457 loss as a business bad debt. In notes attached to their 1992 return, petitioners stated, in relevant part:

> THE FOLLOWING BUSINESS BAD DEBT HAS BEEN WRITTEN OFF IN THE CURRENT YEAR:

|  | AMOUNT | NOTE DUE |
|---|---|---|
| NOTE PAYABLE TO JANE HESS FROM HESS & HESS CONSTRUCTION, INC. | $234,457 | ON DEMAND |

> THE DEBTOR IS A CORPORATION WHOLLY-OWNED BY THE TAXPAYERS, WHICH IS NO LONGER SOLVENT. THE DEBT WAS DEEMED WORTHLESS WHEN THE CORPORATION NO LONGER COULD CONTINUE TO MEET ITS OBLIGATIONS AS THEY BECAME DUE.

On or about April 15, 1996, petitioners jointly filed their 1995 Federal income tax return. On April 17, 1996, petitioners jointly filed their 1993 and 1994 Federal income tax returns. Petitioners claimed NOL carryover deductions in the amounts of $204,146, $167,526, and $127,943 in the taxable years 1993, 1994, and 1995, respectively.

We must decide whether petitioners are entitled to deduct the NOL carryovers in the taxable years in issue. Resolution of this issue depends upon the validity of the bad debt deduction claimed by petitioners in 1992. See sec. 6214(b).

Respondent argues that the money advanced by Mrs. Hess to Hess Inc. in 1992 was not a loan and that petitioners were not entitled to the NOL carryover deductions in the taxable years in

issue.  Specifically, respondent's position is that the amount advanced to the corporation was a contribution to capital.

Because the burden of proof does not affect the result with respect to the NOL issue, we find that section 7491 has no bearing on the determination of that issue.

Section 166(a) generally allows a deduction for a debt which becomes worthless during the taxable year.  Bad debts may be characterized as either business bad debts or nonbusiness bad debts.  Sec. 166(d).  To be entitled to the deduction, the taxpayer must prove the existence of a bona fide debtor-creditor relationship which obligates the debtor to pay the taxpayer a fixed or determinable sum of money.  Burns v. Commissioner, T.C. Memo. 1997-83.  A contribution to capital cannot be considered debt.  Calumet Indus., Inc. v. Commissioner, 95 T.C. 257, 284 (1990); sec. 1.166-1(c), Income Tax Regs.

Petitioners apparently concede that the money provided by Mrs. Hess to Hess Inc. was not a loan.  Mr. Hess testified that "[Mrs. Hess] did not -- in terms of that bad debt, she did not – there was no bad debt."  Mr. Hess further testified that the identification of the amount provided by Mrs. Hess as a bad debt "was a misnomer".

Our review of the record leads us to conclude that the advance by Mrs. Hess to Hess Inc. in 1992 was in fact a contribution to capital, rather than a loan.  There was no

promissory note, there was no fixed schedule for repayment, and there were no interest payments made. As the Court stated in Calumet Indus., Inc. v. Commissioner, supra at 287, "We find that as an economic reality the advances in the instant case were placed at the risk of the business of the company and that it is unlikely that disinterested investors would have made loans * * * on terms similar to those on which the advances were made." Furthermore, petitioners offered no evidence that the money advanced by Mrs. Hess is otherwise deductible. Accordingly, we sustain respondent's determination that the advance made by Mrs. Hess to Hess Inc. was a capital contribution and that petitioners are not entitled to the NOL carryover deductions in the taxable years at issue.

Respondent conceded at trial that the $234,457 transferred to Hess Inc. was a contribution to capital and that petitioners are entitled to a capital loss. Sec. 165(g). For open years, this capital loss is deductible only to the extent of capital gains plus, for married taxpayers like petitioners, the lower of ordinary income up to $3,000 or the excess of such losses over such gains. Sec. 1211.

We now decide whether petitioner is liable for the additions to tax pursuant to section 6651(a)(1). Section 6651(a)(1) imposes an addition to tax for failure to file a Federal income tax return by its due date, unless the taxpayer establishes that

the failure was due to reasonable cause and not willful neglect. "Reasonable cause" requires the taxpayer to demonstrate that he exercised ordinary business care and prudence. United States v. Boyle, 469 U.S. 241, 246 (1985); sec. 301.6651-1(c)(1), Proced. & Admin. Regs. Willful neglect is defined as a "conscious, intentional failure or reckless indifference." United States v. Boyle, supra at 245. Respondent has met the burden of production under section 7491(c) with respect to petitioners' liability for the additions to tax for failure to timely file their 1993 and 1994 tax returns because respondent has shown that petitioners filed these returns on April 17, 1996. Thus, petitioners bear the burden of proving that the failure is due to reasonable cause and not due to willful neglect. Rule 142(a); United States v. Boyle, supra at 245; Crocker v. Commissioner, 92 T.C. 899, 912 (1989).

Petitioners testified that their former accountant advised them that the amount of the bad debt deduction could be used as a deduction with respect to future taxes. Because petitioners concluded no taxes would be due, they decided filing the tax returns for the taxable years at issue was not necessary.

We have often found that a taxpayer's mistaken belief that he did not owe any tax is not reasonable cause for failure to timely file a return. Linseman v. Commissioner, 82 T.C. 514, 523 (1984); Bradley v. Commissioner, T.C. Memo. 1998-170. We find

that petitioners' mistaken belief that they did not owe any tax is not reasonable cause for failure to timely file a return. Accordingly, respondent's determination with respect to the additions to tax under section 6651(a)(1) is sustained.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered under Rule 155.